914 F.2d 495
 17 Fed.R.Serv.3d 1385
 Jacquelyn ORTEGA, Plaintiff-Appellant,
v.
Harry F. GEELHAAR, Jr., PhD., Individually and in his
capacity as President and sole owner of Harry F. Geelhaar,
Jr., PhD., P.A. and as President and/or Chief Executive
Officer of Metro Mental Health Associates; Harry Geelhaar,
Jr., PhD., P.A., a Professional Corporation of the State of
Maryland; Metro Mental Health Associates, an unincorporated
association; James Ortega; Janet Moyer Ortega, his wife,
Defendants-Appellees.
In Re Glen Marcus FALLIN, Appellant.
Jacquelyn ORTEGA, Plaintiff-Appellant,
v.
Harry F. GEELHAAR, Jr., Individually and in his capacity as
President and sole owner of Harry F. Geelhaar, Jr., PhD.,
P.A. and as President and/or Chief Executive Officer of
Metro Mental Health Associates; Harry Geelhaar, Jr., a
Professional Corporation of the State of Maryland; Metro
Mental Health Associates, an unincorporated association;
James Ortega; Janet Moyer Ortega, his wife, Defendants-Appellees.
 Nos. 89-2322, 89-2479.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 7, 1990.
Decided Sept. 17, 1990.
 
 Glen Marcus Fallin, Ellicott City, Md., for plaintiff-appellant and appellant.
 Jayson Leslie Spiegel (Paul D. Krause, on brief), Jordan, Coyne, Savits & Lopata, Washington, D.C., Ellen P. Rosenberg-Blatt (Stuart R. Blatt, on brief), Soudry & Rosenberg-Blatt, P.A., Baltimore, Md., for defendants-appellees.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, HALL, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The questions presented in this case are whether the district court erred: (1) in dismissing the complaint on the basis of res judicata; and (2) in imposing Fed.R.Civ.P. 11 sanctions upon plaintiff's attorney Glen Fallin. We affirm the dismissal of the complaint. We remand, however, the imposition of Fed.R.Civ.P. 11 sanctions with instructions for the district court to comply with its local rules.
 
 
 2
 * On November 9, 1988, appellant Jacquelyn Ortega filed identical claims against psychologist Harry Geelhaar, Jr. and Metro Mental Health Associates (Geelhaar) in the Circuit Court for Howard County, Maryland, and in the federal District Court for the District of Maryland. Federal jurisdiction was based entirely upon diversity of citizenship under 28 U.S.C. Sec. 1339. Ms. Ortega later amended both complaints to include her former husband, James Ortega, and his present wife, Jane Ortega (the defendants Ortega) among the defendants.
 
 
 3
 On May 18, 1989, the district court stayed the proceeding before it pending the resolution of Ms. Ortega's case before the Circuit Court of Howard County. That state court dismissed her second amended complaint with prejudice on July 5, 1989. The defendants Ortega then moved the district court to dismiss the claims against them on res judicata grounds. The district court granted this motion on July 17, 1989. On July 26, 1989, the court also dismissed the claims against the Geelhaars as being barred by the doctrine of res judicata, and it granted judgment in favor of all defendants. Ms. Ortega moved to alter or amend the district court's judgment. The court denied that motion on September 19, 1989. Ms. Ortega now appeals.
 
 
 4
 Throughout the fall of 1989 and the spring of 1990, Ms. Ortega tried to reverse the dismissal of her claim in the state courts. When the Circuit Court for Howard County denied her motion to alter or amend the judgment, she filed a notice of appeal. She filed no brief with the Court of Special Appeals. It dismissed her appeal on February 5, 1990. Ms. Ortega later filed a petition for writ of certiorari with the Maryland Court of Appeals after the time for filing such a petition had expired.[1] In an order dated June 29, 1990, the Court of Appeals denied her petition.
 
 
 5
 Meanwhile, on October 31, 1989, forty-two days after the district court denied Ms. Ortega's motion to amend the judgment, the defendants Ortega moved for the district court to impose Fed.R.Civ.P. 11 (Rule 11) sanctions against Ms. Ortega's attorney, Glen Fallin.[2] Without requesting a response as required by its own Local Rule 105.8, the court granted the motion for sanctions on December 4, 1989. Several weeks later, the district court ordered Fallin to pay the defendants Ortega $5,014.60 in attorney's fees. Fallin now appeals the judgment.
 
 II
 
 6
 Ms. Ortega appeals the order of the district court dismissing her claims on the ground of res judicata. She argues that her (once) pending writ of certiorari prohibits the use of the state court decision for purposes of preclusion. This argument has been rendered moot by the Maryland Court of Appeals' denial of her writ on June 29, 1990. Accordingly, we affirm the district court's dismissal of her claims on the grounds of res judicata.[3]
 
 III
 
 7
 Next, Fallin appeals the district court's order requiring him to pay $5,014.50 in attorney's fees. He argues that the district court ignored its own local rules when it considered and granted the Ortega defendants' Rule 11 motion. We agree with Fallin on this point.
 
 
 8
 Local Rule 109.2 of the United States District Court for the District of Maryland requires that any motion requesting attorney's fees, "including motions filed under Fed.R.Civ.P. 11," be filed within twenty days of the entry of judgment.[4] In this case the court entered judgment for all defendants by its order filed on July 26, 1989, and then denied the motion to amend the judgment on September 19, 1989. The defendants Ortega moved for Rule 11 sanctions on October 31, 1989, more than twenty days after either the entry of judgment or the denial of the motion to amend.[5] Appellees argue that Local Rule 109.2 applies only to those Rule 11 motions that specifically request the award of attorney's fees. We read the plain language of the local rule to include all motions filed under Rule 11. Our reading seems practical since all motions for Rule 11 sanctions request attorney's fees or at least could result in their imposition.
 
 
 9
 Appellees also argue that the district court has authority to hear an out-of-time motion under Local Rule 604 of the District of Maryland which allows the court to suspend the provisions of a local rule for "good cause shown."[6] But no cause was shown by the defendants Ortega, nor was any found by the court. Nor did either the Ortegas in their motion or the court in its opinion mention this rule. The district court is clearly authorized to adopt rules establishing time limits for motions such as this one. White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). Once it chose to adopt rules, the court, like all parties before it, must abide by them.
 
 
 10
 We find that the court entertained the Ortega defendants' motion out of time in violation of its own Local Rule 109.2. We vacate the imposition of sanctions. We remand this portion of the judgment with instructions for the court to make a finding of good cause under Local Rule 604 or dismiss the motion for sanctions for having been untimely filed.
 
 
 11
 Fallin also argues that the district court failed to comply with its Local Rule 105.8 when it imposed sanctions upon him. This rule requires the court to request a response from the non-moving party before granting any motion made under Fed.R.Civ.P. 11.[7] No such request appears in the record nor do appellees argue that such a request was made. Appellees argue that appellants knew of their Rule 11 motion and chose not to reply. This is of no consequence as the rule itself acknowledges. The rule clearly states that the court must request a response. The court again has chosen to make the rule, and it must abide by it. Upon remand, we instruct the court to follow Local Rule 105.8 or show cause why it should not.
 
 
 12
 Accordingly, we vacate the Rule 11 award and remand for further proceeding on the Ortega defendants' motion for Rule 11 sanctions consistent with what is set forth herein.
 
 
 
 [1]
 We heard oral argument on this appeal when the petition for certiorari was still pending
 
 
 [2]
 Geelhaar was not involved with this Rule 11 motion, and the court did not award him attorney's fees. Consequently, he is not directly involved in the Rule 11 portion of this appeal
 
 
 [3]
 Ms. Ortega briefly notes that on July 17 and 26, 1989 (the dates of the dismissal of the claims), she had a motion to amend or alter the judgment pending in the state court. Therefore, she argues, the district court gave the state trial court opinion preclusive effect before it was final. We find this argument unpersuasive. As of June 29, 1990, the decision of the Circuit Court of Howard County was final regardless of the status of the state court decision in July 1989. Remanding this issue back to the district would serve no proper purpose. The district court would simply dismiss the claim on the same grounds
 
 
 [4]
 Local Rule 109.2(a) of the United States District Court for the District of Maryland provides that: "Unless otherwise provided by statute LR 109.2(C) or otherwise ordered by the Court, any motion (including motions filed under Fed.R.Civ.P. 11) requesting the award of attorney's fees must be filed within twenty days of the entry of judgment for all services performed prior thereto...."
 
 
 [5]
 In Jackson v. Beard, 828 F.2d 1077 (4th Cir.1987), the United States Court of Appeals for the Fourth Circuit affirmed the District Court for the District of Maryland's interpretation of the "within 20 days of the entry of judgment" language in Rule 109's predecessor as referring to the date of primary judgment which is unaffected by post-trial motions. The interpretation of "entry of judgment" in Rule 109.2, however, is not at issue here since the motion for sanctions was filed over forty days after the court denied appellant's motion to alter judgment
 
 
 [6]
 Local Rule 604 of the United States District Court for the District of Maryland provides that: "For good cause shown, the Court may in a particular case suspend the provisions of any of these Rules upon application of a party or upon its own motion and may order proceedings in accordance with its direction."
 
 
 [7]
 Local Rule 105.8 of the United States District Court for the District of Maryland provides that: "Unless otherwise ordered by the Court, a party need not respond to any motion filed under Fed.R.Civ.P. 11 or 28 U.S.C. Sec. 1927. The Court shall not grant any such motion without requesting a response."