927 F.2d 596
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James Bruce ROBINSON, Plaintiff-Appellant,
v.
D.A. GARRAGHTY, Warden, Doctor Thompson, Chief Physician,
Doctor Frye, Chief Physician of All Departments of
Correction, Mrs. Shelton, Head Nurse,
Defendants-Appellees.
 No. 90-7025.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 9, 1991.
Decided Feb. 26, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., District Judge. (CA-89-795-N)
 Tom Thagard, Third-Year Law Student, Post-Conviction Assistance Project, Harold Jonathan Krent, University of Virginia School of Law, Charlottesville, Va., for appellant.
 Robert H. Herring, Jr., Assistant Attorney General, Richmond, Va. (argued), for appellees, Mary Sue Terry, Attorney General of Virginia, William R. Coleman, Assistant Attorney General, Richmond, Va., on brief.
 E.D.Va.
 REVERSED AND REMANDED.
 Before K.K. HALL and WILKINS, Circuit Judges, and ELLIS, United States District Judge for the Eastern District of Virginia, Sitting by Designation.
 PER CURIAM:
 
 
 1
 James Bruce Robinson appeals the dismissal of his civil rights action for failure to pay a court-ordered partial filing fee. We reverse and remand.
 
 I.
 
 2
 Robinson is an inmate at Nottoway Correctional Facility, a Virginia prison. On October 26, 1989, he submitted to the court a complaint under 42 U.S.C. Sec. 1983 claiming a deprivation of necessary medical treatment and seeking monetary and injunctive relief against various officials of the Virginia Department of Corrections. He included with his complaint a motion for leave to proceed in forma pauperis, stating that he had no assets which could be used to prepay the costs of the action and that he was unemployed at the prison.
 
 
 3
 The district court initiated the processing of the in forma pauperis motion by requesting that the prison authorities provide the court with information regarding Robinson's inmate account. The "Inmate Account Report Form" used by the court for such purposes requested the following information: the balance in the account six months prior to the submission of the complaint to the court; the total amount deposited and the total amount withdrawn in the same six-month period; and the balance on the submission date. The Department of Corrections responded that Robinson had $4.65 in his account on April 26, 1989; that he deposited a total of $318.87 and withdrew a total of $323.41 over the next six months; and that he had $.11 in his account as of August 18, 1989.
 
 
 4
 On January 9, 1990, the district court ordered Robinson to pay a partial filing fee of $64.70. Robinson objected to this order by claiming that he was no longer employed at the prison and was thus unable to pay the required fee. By order entered January 19, 1990, the court rejected this explanation and warned that failure to pay the fee within twenty days would result in dismissal of his complaint. On February 15, 1990, no payment having been received, the court dismissed the action without prejudice to the right to refile. Robinson appeals.
 
 II.
 
 5
 At the time Robinson submitted his Sec. 1983 complaint to the clerk of the district court, a local court rule permitted the court to condition the filing of an inmate's complaint upon payment not exceeding 20% of the "average amount on deposit" in the inmate's prison account in the six months prior to the submission of the complaint, "including the deposit on account at the commencement of said six-month period."[1] The district court, however, imposed a filing fee which was based on 20% of the aggregate amount deposited in the account over the relevant six-month period. No attempt was made to calculate an "average amount on deposit," and on this basis alone we reverse the order dismissing the complaint. See Ortega v. Geelhaar, 914 F.2d 495, 498 (4th Cir.1990) (district court must abide by local rules adopted by the court).
 
 
 6
 Subsequent to the filing of Robinson's appeal, the District Court for the Eastern District of Virginia amended Local Rule 28(C)(4) by substituting the words "aggregate deposits" for the words "average amount on deposit." The partial fee ordered by the district court would clearly conform to this amended rule. However, Robinson is entitled, upon remand, to have the rule applied to him as it existed on the day he submitted his complaint. Without deciding the question, we note further that the term "average amount on deposit" normally refers to a daily average.[2] The order dismissing the complaint is reversed and the case is remanded with instructions to recalculate a filing fee in accordance with the pre-amendment version of Local Rule 28(C).
 
 
 7
 REVERSED AND REMANDED.
 
 
 
 [1]
 Local Rule 28(C) for the Eastern District of Virginia provided in full as follows:
 (C) If a party desires to file a proceedings in forma pauperis under 28 U.S.C. Sec. 1915(a), whether in the form of habeas corpus or under 42 U.S.C. Sec. 1983 or any related statute, and if the party desiring to file such proceeding is then confined to a state or federal penal institution, the party shall, within 30 days of the receipt of any order, accomplish one of the following:
 (1) Remit the required filing fee to the Clerk of this Court, or
 (2) Request an extension of time within which to pay the required fee and thereafter pay same, or
 (3) Cause to be filed a statement of the prison account of the party showing (a) the amount on deposit in the prison account at the period beginning six months immediately preceding the submission of the complaint or petition herein, and (b) the deposits to that prison account within the six-month period, including the source of said funds so deposited in said account and the reasons for any withdrawal therefrom, and
 (4) If the party still desires to proceed in forma pauperis, the Court may review the application to proceed in forma pauperis and may, in its discretion, enter an order permitting the party to proceed in forma pauperis, or may condition such action upon payment of not in excess of 20% of the average amount on deposit in said prison account during said period of six months, including the deposit on account at the commencement of said six-month period. If the party objects to the payment of the portion of the filing fee as ordered by the Court, such party shall, within 11 days of said order, forward to the Clerk his objections thereto, demonstrating the lack of ability or other factors which would justify a failure to pay the required filing fee. The Court, upon further consideration thereof, may grant permission to proceed in forma pauperis, or may enter an order declining permission to proceed in forma pauperis unless the party pays the amount specified therein within 30 days from the date of said order, but the disposition shall be without prejudice to the right of a party to thereafter file a complaint or petition.
 
 
 [2]
 In this regard, Robinson notes in his brief that detailed records, obtained after his complaint was dismissed, yield a daily average on deposit of approximately $11.00. Under the rule, this translates to a maximum allowable fee of approximately $2.20