931 F.2d 54
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wesley Lindburg ARTIS, Plaintiff-Appellant,
v.
David K. MAPP, Jr., Defendant-Appellee.
 No. 91-6016.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 8, 1991.
Decided April 24, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., District Judge. (MISC-90-220-N)
 Wesley Lindburg Artis, appellant pro se.
 E.D.Va.
 AFFIRMED AS MODIFIED.
 Before MURNAGHAN, SPROUSE and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Wesley Lindburg Artis appeals the dismissal of his complaint for failure to pay a court-ordered partial filing fee. We grant leave to proceed in forma pauperis and affirm the district court order on modified grounds.
 
 
 2
 The district court imposed a partial filing fee based on 20% of the aggregate amount deposited in appellant's account in the six months prior to submission of the complaint. This assessment violated Local Rule 28(C) for the Eastern District of Virginia, which only permitted a partial filing fee based on the "average amount on deposit" in the relevant period. See Ortega v. Geelhaar, 914 F.2d 495, 498 (4th Cir.1990) (district court must abide by local rules adopted by court).
 
 
 3
 Artis alleges in his complaint, however, that he was deprived of clothing by jail officials while housed at the Norfolk City Jail. An unauthorized deprivation of property by a state official does not constitute a violation of the due process clause if a meaningful post-deprivation state remedy for the loss is available. See Hudson v. Palmer, 468 U.S. 517 (1984). The Virginia Tort Claims Act provides such a post-deprivation remedy. See Va.Code Ann. Sec. 8.01-195.3 (1988). Therefore, since Artis's complaint has no arguable basis in law or fact, it should be dismissed as frivolous. See 28 U.S.C. Sec. 1915(d); Neitzke v. Williams, 490 U.S. 319 (1989).
 
 
 4
 Accordingly, we affirm the order of dismissal on modified grounds that the complaint is frivolous under 28 U.S.C. Sec. 1915(d). We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.
 
 
 5
 AFFIRMED AS MODIFIED.