976 F.2d 726
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Theodore GRIFFIN, Plaintiff-Appellant,
v.
Frank L. VALENTA, Jr.; Court of Common Pleas for Richland
County, Defendants-Appellees.
 No. 92-6411.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 19, 1992
Decided: September 18, 1992
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. G. Ross Anderson, Jr., District Judge. (CA-92-318-3)
 Theodore Griffin, Appellant Pro Se.
 D.S.C.
 Reversed and Remanded.
 Before HALL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Theodore Griffin appeals the dismissal of his civil rights action for failure to pay a court-ordered partial filing fee. Because we find that the fee assessed was improper, we reverse and remand.
 
 I.
 
 2
 Griffin, a South Carolina prisoner, submitted a 42 U.S.C. § 1983 (1988) complaint alleging that he is being denied access to the courts. He included with his complaint an application for leave to proceed in forma pauperis.
 
 
 3
 The procedures to determine whether an inmate qualifies to proceed in forma pauperis are governed by local court rules. Local court rules in South Carolina provide that partial filing fees for prisoners seeking in forma pauperis status will be assessed on the basis of an inmate's income for the six-month period prior to the filing of his claim, and will not exceed fifteen percent of the inmate's six-month income.* See Local Rule 22.02. The record shows that Griffin's sixmonth income was $447.75. Fifteen percent of that sum is $67.16. Nonetheless, the magistrate judge assessed the full $120 filing fee and the district court dismissed the claim after Griffin failed to pay the fee within the prescribed time period. Because the magistrate judge's assessment of a fee exceeded the amount authorized by the local rules, the district court's dismissal of the claim for failure to pay was in error. See Ortega v. Geelhaar, 914 F.2d 495, 498 (4th Cir. 1990) (district court must abide by local rules adopted by the court).
 
 
 4
 Therefore, we grant leave to proceed in forma pauperis on appeal, reverse the district court's order dismissing Griffin's 42 U.S.C. § 1983 complaint, and remand the case with instructions to recalculate the filing fee in accordance with Local Rule 22.02. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 REVERSED AND REMANDED
 
 
 *
 Local Rule 22.02 provides,
 (c) A partial filing fee will be determined on the basis of the plaintiff's six-month income statement. Such fee shall not exceed fifteen percent (15%) of the income received by the plaintiff during that period.