**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DANIEL JOHNSON WILLIS; TAIMAK D.
WILLIS; EARNSTINE BROWN,
Plaintiffs-Appellants,

and

JAMES EDWARD RHODES,
Plaintiff,

v.

TRENTON MEMORIAL ASSOCIATION;
FRED FOSCUE, as President; RUTH

No. 97-1123

FOSCUE, as Secretary; OTHER
UNIDENTIFIED OFFICERS; TOWN OF
TRENTON, NORTH CAROLINA,
JOFFREE T. LEGGETT, as Mayor of
Town Council; EDWARD EUBANKS, as
Councilman; WILLARD O. LEWIS, as
Councilman; CHARLES JONES, as
Councilman; C. GLENN SPIVEY, as
Town Clerk; JAMES R. HOOD, Law
Office; JAMES R. HOOD,
Defendants-Appellees.

DANIEL JOHNSON WILLIS,
Plaintiff-Appellant,

v.

No. 97-1153

JAMES B. HUNT, JR., as Governor for
the State of North Carolina; JIM
DRENNON, as Director of the
Administration Office of the Courts;

KENNETH TURNER, Retired Judge,
North Carolina Judicial System;
STEPHEN WILLIAMSON, Retired Judge,
North Carolina Judicial System,
BILLY W. WHITE, Magistrate, North
Carolina Judicial System;
WILLARD ODELL LEWIS; EDWARD
EUBANKS; CHARLES JONES; JOFFREE T.
LEGGETT; CLIFTON SPIVEY; JEFF
SPIVEY; RON METTS, in his official
capacity as Clerk of Court,
Defendants-Appellees.

DANIEL JOHNSON WILLIS,
Plaintiff-Appellant,

and

LIONEL MEADOWS; ALBERT L.
MEADOWS, FURNEY MUNDINE,
Plaintiffs,

v.                                                No. 97-1155

TOWN OF TRENTON, NORTH CAROLINA;

JOFFREE T. LEGGETT, Town Mayor;
EDWARD EUBANKS, WILLARD O.
LEWIS, CHARLES JONES, Councilmen
of the Town of Trenton, North
Carolina; C. GLENN SPIVEY, Town
Clerk; MC DAVID AND ASSOCIATES;
RICHARD MOORE, Engineer for the
Town of Trenton, North Carolina;
STATE OF NORTH CAROLINA, and its

2

entities; J. BOBBY BLOWE, Chief,
Construction Grants; JOHN H.
HANKINSON, JR., Director, United
States Environmental Protection
Agency, Region IV; MARIO
MACHADO, Chief, Construction
Grants, their successors and agents;
JANET RENO, Attorney General of
the United States; JANICE M. COLE,
Defendants-Appellees,

and
BILL MEYERS, Director, North
Carolina Department of
Environmental Health and Natural
Resources; DEXTER MATTHEWS,
Chief, Division of Solid Waste;
JAMES C. KEARNEY, Director, Rural
Economic and Community
Development; EDWIN W. CAUSEY, as
Rural Development Manager;
WILLARD R. DEAN, as Director of
Business and Utilities Division,
Defendants.

Appeals from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Malcolm J. Howard, District Judge.
(CA-95-93-4-H3, CA-95-51-4-H2, CA-96-6-4-H2)

Argued: April 9, 1998

Decided: September 22, 1998

Before ERVIN, Circuit Judge, BUTZNER, Senior Circuit Judge,
and STAMP, Chief United States District Judge for the Northern
District of West Virginia, sitting by designation.

3

Reversed and remanded by unpublished opinion. Judge Ervin wrote the opinion, in which Senior Judge Butzner and Chief Judge Stamp joined.

_____

**COUNSEL**

**ARGUED:** Charles Tyler Cone, Third-year Law Student, Neal Lawrence Walters, Appellate Litigation Clinic, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Charlottesville, Virginia, for Appellants. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina; Charles Christopher Henderson, Trenton, North Carolina; Cheryl A. Marteney, WARD & SMITH, P.A., New Bern, North Carolina; Thomas Giles Meacham, Jr., Assistant Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees. **ON BRIEF:** Corey A. Jennings, Third-year Law Student, Appellate Litigation Clinic, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Charlottesville, Virginia, for Appellants. Janice McKenzie Cole, United States Attorney, Raleigh, North Carolina; Michael F. Easley, Attorney General, Daniel C. Oakley, Senior Deputy Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

ERVIN, Circuit Judge:

The three cases before us involve claims of numerous civil rights violations. The district court consolidated the cases and, when mediation failed, dismissed them. Plaintiffs-appellants appeal, arguing that the district court committed reversible error by relying on the mediation report as a basis for dismissing the actions, in violation of a local

rule of the court. We agree, and accordingly reverse the dismissal of the three cases and remand them with instructions.

I.

The lead plaintiff in these three cases is D. Johnson Willis. Willis is an avid pro se litigant and he, along with his co-plaintiffs, has filed a series of claims against various defendants alleging a host of grievances. Although the gravamens of the complaints are often difficult to discern, the three cases we consider here today appear to involve primarily civil rights violations. In Willis v. Trenton Memorial Association, Willis and his co-plaintiffs apparently allege that the Town of Trenton and various of its officers and entities conspired to deny the plaintiffs membership in the voluntary association in charge of administering the town's public cemetery on the basis of "race, religion, and wealth" in violation of the Fourteenth Amendment. Willis v. Hunt involves an allegation that a magistrate judge fraudulently issued a criminal summons against Willis, and that the summons was motivated solely by "race, poverty, ethnic background, and Civil Rights . . . Activities," thereby violating the Fourteenth Amendment. In Willis v. Town of Trenton, Willis and other residents of Jones County, North Carolina allege the town, town officials, and various state and federal officials engaged in unlawful racial discrimination in the administration of the town sewer system.

After these three cases were filed, the district court conducted a hearing at which the parties agreed to consolidate the three pending claims and submit them to mediation pursuant to the court's Local Rule 32.00. The court then stayed proceedings in all three cases and ordered the appointment of two co-mediators. The court's order also specified that "[a]ll proceedings of the co-mediators . . . shall in all respects be privileged, and not be recorded, reported, placed in evidence, made known to the trial court or jury, or construed for any purpose as an admission against interest." Order of May 8, 1996, in J.A. at 40-41. Although there are slight variations in the wording, this warning by the district court about the privilege accorded the mediation proceedings is substantially identical to the language of Local Rule 32.07(h).

At the district court's direction, the co-mediators met with Willis and his co-plaintiffs and put together a list of concerns and allega-

5

tions. Fourteen issues were identified; some of these issues were raised in the cases before us, some were not, and some issues raised in the cases were not addressed during mediation efforts. Ultimately, the mediation attempt proved unsuccessful. Pursuant to the district court's order, the co-mediators prepared a report of their findings and conclusions. The report was filed with the district court, which gave all the parties involved an opportunity to respond to the report. Only Willis and three co-plaintiffs filed a response.

After receiving the mediation report and the response, the district court issued an order in which it stated that it had "carefully reviewed" the mediation report and "adopted" it as "factual and accurate." Order of Jan. 13, 1997, at 3-4, in J.A. at 47-48. The court also stated that "[f]rom the voluminous filings in [the] three cases, [it could] ascertain no proper litigation to continue." Id. at 4, in J.A. 48. The court then dismissed all three actions "pursuant to Federal Rule of Civil Procedure 12(b) for lack of personal and subject matter jurisdiction, insufficiency of service of process, and failure to state a claim upon which relief may be granted." Id. at 4-5, in J.A. 48-49.

Willis and his co-plaintiffs appeal the dismissal of their claims on the ground that the district court's reliance on the mediation report amounts to reversible error. In the alternative, they argue that the district court improperly granted the defendants' motion to dismiss for failure to state a claim. Our review of the district court's decision to grant the defendants' motion to dismiss is de novo. See Flood v. New Hanover County, 125 F.3d 249, 251 (4th Cir. 1997).

II.

The plaintiffs argue that the district court's dismissal of their cases was improper because the district court considered and relied on the factual findings and legal conclusions of the mediation report in violation of Local Rule 32.07(h), which states that mediation proceedings are not to be "made known to the trial court." The defendants-appellees freely admit that the district court's reliance on the mediation report was contrary to this rule. Appellees' Br. at 17. The violation of the rule having been conceded, we must decide whether the district court's "adoption" of the mediation report constitutes reversible error. We find that it does.

6

We recognize that the "voluminous filings" in these cases, Order of Jan. 13, 1997, at 4, in J.A. at 48, with their "plethora of contentions that are sometimes not understandable or interconnected," id. at 2, in J.A. at 46, make these extremely challenging cases to adjudicate. From the complaints it is difficult to ascertain exactly what claims are being made against which defendants, and the procedural posture of these cases is rather convoluted as well. It is perfectly understandable, therefore, that after the district court's attempt to reach a just resolution of the plaintiffs' many claims through mediation failed, the court sought to swiftly dismiss what appeared to it to be woefully inadequate claims.

However, once it chooses to adopt rules, the court, like all parties before it, is required to abide by them. Ortega v. Geelhaar, 914 F.2d 495, 497 (4th Cir. 1990). In this case, Local Rule 32.07(h) clearly states that mediation proceedings are privileged, and shall not be reported or made known to the trial court. This rule is designed to promote the stated goal of mediation, which is "to facilitate and promote conciliation, compromise and the ultimate resolution of a civil action." Local Rule 31.01. Allowing a court to adopt a mediator's factual findings or legal conclusions disserves this basic goal of mediation. Parties who fear that the results of an unsuccessful mediation attempt will come back to haunt them in a court of law will have little incentive to cooperate and compromise, and the very purpose of mediation will be defeated.

Yet as the district court's own order makes clear, and the defendants admit, the mediation proceedings in these cases were not only revealed to the district court, the district court relied on them in reaching its decision to dismiss the actions. The defendants nonetheless put forward two arguments why this violation of the local rule does not warrant reversal of the dismissal order. First, the defendants contend that the district court's decision to dismiss the three cases was not dependent on the mediation report, but was actually based on the court's own independent conclusions that the cases were deficient on various Rule 12(b) grounds. According to the defendants, these independent conclusions are sufficient to support the dismissal of the plaintiffs' complaints. Second, the defendants point out that, even if the district court's dismissals were based entirely on an inappropriate adoption of the mediation report, this court has the power to affirm

7

the dismissals on different grounds. <u>See Brewster of Lynchburg, Inc. v. Dial Corp.</u>, 33 F.3d 355, 361 n.3 (4th Cir. 1994) ("We have consistently recognized that even though we disagree with the reasoning of the district court, we may affirm the result on different grounds if fully supported by the record.").

Neither of these arguments persuades us. The language of the district court's order does not indicate that it conducted an independent assessment of the issues or that the basis for its decision was reached independently from the co-mediators' report that it "adopted." Further, although it may well be that each of the three cases is dismissable on one or several Rule 12(b) grounds, we cannot tell exactly which Rule 12(b) grounds itemized in the district court's order apply to any particular action, or if all the grounds listed apply to all three actions. We therefore find that the district court's reliance on the mediation report constitutes reversible error, and remand the cases to the district court. If on remand the district court concludes that dismissal is proper, its order should more clearly articulate the grounds on which such a dismissal is based, as well as indicating which grounds apply to each case. Such an order will assure a reviewing court that the district court's finding that litigation cannot properly continue is not dependent on the contents of the mediation report and help to promote the use of mediation as an effective tool for voluntary dispute resolution.

Although we are cognizant of our ability to affirm the district court's dismissal on independent grounds, we decline to do so on the record before us. Likewise, we decline to rule on whether the plaintiffs' complaints state a claim upon which relief may be granted until the district court has had an opportunity to consider the issue on remand.

III.

We reverse the district court's order of dismissal and remand the cases with instructions for the district court to reconsider the defendants' motion to dismiss without relying on any information contained in the mediation report or to clarify that its decision to dismiss was based on grounds independent of the mediation report. On

8

remand, the district court should explain which grounds for dismissal, if they exist, apply to each individual action in this consolidated case.

<u>REVERSED AND REMANDED WITH INSTRUCTIONS</u>

9